IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN RE: | ) CIVIL NOS.  05-00777 JMS/BMK |
| | )                  05-00778 JMS/KSC |
| ALOHA AIRGROUP INC., et al. | )                  05-00779 JMS/BMK |
| | ) |
| Debtors. | ) |
| | ) ORDER GRANTING JOINT |
| Defendants. | ) MOTION TO APPROVE CONSENT |
| | ) ORDER VACATING DISTRICT |
| | ) COURT'S (1) RULING OF |
| | ) DECEMBER 15, 2005, (2) ORDER OF |
| | ) DECEMBER 29, 2005, AND (3) |
| | ) JUDGMENT OF DECEMBER 30, |
| | ) 2005 ON DISTRESS TERMINATION |
| | ) OF ALOHA AIRLINES, INC.'S |
| | ) DEFINED BENEFIT PENSION |
| | ) PLANS |
| | ) |
| _____ | ) |

ORDER GRANTING JOINT MOTION TO APPROVE CONSENT ORDER
VACATING DISTRICT COURT'S (1) RULING OF DECEMBER 15, 2005,
(2) ORDER OF DECEMBER 29, 2005, AND (3) JUDGMENT OF DECEMBER
30, 2005 ON DISTRESS TERMINATION OF ALOHA AIRLINES, INC.'S
<u>DEFINED BENEFIT PENSION PLANS</u>

I.  <u>INTRODUCTION</u>

On December 30, 2004, Aloha Airlines, Inc. and Aloha Airgroup, Inc.

(collectively "Aloha"), filed voluntary petitions for relief under Chapter 11 of the

United States Bankruptcy Code in the United States District Court for the District

of Hawaii. Aloha's First Amended Joint Plan of Reorganization was confirmed by the Bankruptcy Court by Order dated November 29, 2005 ("Confirmation Order").

On December 5, 2005, the Bankruptcy Court entered a Memorandum Decision Regarding Distress Termination of Defined Benefit Plans and an Order on Distress Termination and Defined Benefit Plans (collectively "Distress Termination Orders").

The Pension Benefit Guaranty Corporation (PBGC) appealed the Confirmation Order and the Distress Termination Orders -- for a total of three appeals -- to this court. After briefing by the parties and hearing argument, the court issued an oral ruling affirming the Bankruptcy Court Orders on December 15, 2005. The oral ruling was followed by an Order Affirming Bankruptcy Court's Decision on December 29, 2005. Judgment was entered on December 30, 2005.

Subsequent to this court's December 29, 2005 Order, but prior to filing an appeal to the Ninth Circuit, the parties settled. Paragraph 3.1 of the Settlement Agreement provides that:

> Aloha and PBGC shall jointly request the District Court and the Bankruptcy Court to enter consent orders . . . providing that the District Court Rulings and the Bankruptcy Court Memorandum Decision (but not the Bankruptcy Court Order) shall be vacated and

withdrawn, shall be of no force and effect, and shall have no precedential value, but that the Bankruptcy Court Order shall remain in full force and effect.

On February 25, 2006, consistent with the terms of the Settlement Agreement, Aloha and PBGC filed the instant joint motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure requesting an order vacating this court's December 15 ruling, December 29 order, and December 30 judgment.  For the following reasons, the joint motion is GRANTED.

## II.  ANALYSIS

Rule 60 of the Federal Rules of Civil Procedure, entitled "Relief From Judgment or Order," provides in relevant part:

> **(b) Mistakes;  Inadvertence;  Excusable Neglect;  Newly Discovered Evidence;  Fraud, Etc.**  On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect;  (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);  (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;  (4) the judgment is void;  (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;  or (6) any other reason justifying relief from the operation of the judgment.

*U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership,* 513 U.S. 18 (1994), drew a clear distinction between a party unable to seek appellate review based on "mootness by happenstance"[1] and mootness by settlement:

> A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment. The same is true when mootness results from unilateral action of the party who prevailed below. Where mootness results from settlement, however, the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur. The judgment is not unreviewable, but simply unreviewed by his own choice.

*U.S. Bancorp*, 513 U.S. at 25 (internal footnote and citations omitted). *U.S. Bancorp* concluded that a case that becomes moot through settlement should not be vacated absent "exceptional circumstances." *Id.* at 29. In reaching its decision, the Court specifically considered and largely rejected the policy argument that a vacatur encourages settlement:

> A final policy justification urged by petitioner is the facilitation of settlement, with the resulting economies for the federal courts. But while the availability of vacatur may facilitate settlement after the

---

[1] For example, when the subject of an order becomes moot because of a change in controlling law, the matter becomes unreviewable not by the actions of the parties but by circumstances beyond the control of the parties. *U.S. Bancorp*, 513 U.S. at 23. The parties agree that the instant matter is moot solely because they reached a settlement agreement.

> judgment under review has been rendered and certiorari granted (or appeal filed), it may *deter* settlement at an earlier stage. *Some* litigants, at least, may think it worthwhile to roll the dice rather than settle in the district court, or in the court of appeals, if, but only if, an unfavorable outcome can be washed away by a settlement-related vacatur. And the judicial economies achieved by settlement at the district-court level are ordinarily much more extensive than those achieved by settlement on appeal. We find it quite impossible to assess the effect of our holding, either way, upon the frequency or systemic value of settlement.

*Id*. at 27-28.  In fact, the Court concluded that the exceptional circumstances that may call for vacatur "do not include the mere fact that the settlement agreement provides for vacatur. . . ."  *Id*. at 29.  If this court applied the *U.S. Bancorp* test, the joint motion appears to fall short in setting forth exceptional circumstances justifying a vacatur.

Although *U.S. Bancorp* reviewed Rule 60(b) motions before appellate courts, several courts have applied the same rationale to motions before district courts.  *See, e.g., Walero Terrestrial Corp. v. Paige*, 211 F.3d 112, 120-21 (4th Cir. 2000).  The Ninth Circuit, however, applies a different test.  *American Games, Inc. v. Trade Prods., Inc.* 142 F.3d 1164 (9th Cir. 1998), held that district courts should continue to employ the pre-*U.S. Bancorp* test articulated in *Ringsby Truck Lines, Inc. v. Western Conference of Teamsters*, 686 F.2d 720, 722 (9th Cir. 1982).

This test requires a district court to balance equities to determine "'whether to vacate its judgment in light of 'the consequences and attendant hardships of dismissal or refusal to dismiss' and 'the competing values of finality of judgment and right to relitigation of unreviewed disputes.'" *American Games* at 1168 (quoting *Dilley v. Gunn*, 64 F.3d 1365, 1370-71 (9th Cir. 1995) (quoting *Ringsby Truck Lines*, 686 F.2d at 722)).

The parties correctly state that a vacatur would not implicate issues involving res judicata or collateral estoppel, and that no third party would be impacted by a vacatur. In other words, a vacatur would not have negatively impact any other litigation or potential litigation. After reviewing the settlement agreement, the court finds that it is very unlikely if not impossible for the parties to be involved in similar litigation.

Another cost associated with a vacatur is the dissipated value of the vacated decision. In this case, the court did not issue a written opinion. The oral ruling, under the facts of this case, provides little precedential value.

The public interest in finality of judgments weights against a vacatur.

> Congress has prescribed a primary route, by appeal as of
> right and certiorari, through which parties may seek
> relief from the legal consequences of judicial judgments.
> To allow a party who steps off the statutory path to
> employ the secondary remedy of vacatur as a refined

>form of collateral attack on the judgment would--quite apart from any considerations of fairness to the parties-- disturb the orderly operation of the federal judicial system.

*U.S. Bancorp*, 513 U.S. at 27.

The court notes one unique circumstance in this case weighing in favor of granting the motion: PBGC was given a very short time to prepare and argue the appeal before this court. Aloha requested and was granted expedited briefing and oral argument on the appeal; Aloha filed its opening brief on December 14, 2005, and PBGC was required to file its opposition by December 15, 2005 -- the same day that the court heard oral argument.

The court finds that the equities in this matter balance in favor of vacating the court's judgment. Accordingly, the joint motion is hereby GRANTED.

\\

\\

\\

\\

\\

\\

### III.  CONCLUSION

The joint motion is hereby GRANTED.  This court's (1) ruling of December 15, 2005, (2) order of December 29, 2005, and (3) judgment of December 30, 2005 are hereby VACATED.

IT IS SO ORDERED.

DATED at Honolulu, Hawaii, March 9, 2006.

/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*In re: Aloha Airgroup Inc., et al.*, Civ. Nos. 05-00777 JMS/BMK, 05-778 JMS/KSC, 05-779 JMS/BMK, Order Granting Joint Motion to Approve Consent Order Vacating District Court's (1) Ruling of December 15, 2005, (2) Order of December 29, 2005, and (3) Judgment of December 30, 2005 on Distress Termination of Aloha Airlines, Inc.'s Defined Benefit Pension Plans